UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
JOSH KATZ
on behalf of himself and
all other similarly situated consumers

                          Plaintiff,

       -against-


TRANSWORLD SYSTEMS, INC.

                          Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Josh Katz seeks redress for the illegal practices of Transworld Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a defaulted consumer debt.

4. The Plaintiff obtained a Pacer account in order to view the progress of his bankruptcy proceedings.

5. Upon information and belief, Defendant's principal place of business is located in Melville, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Josh Katz*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about January 27, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. As stated above, the Plaintiff had obtained the said Pacer account in order to view the progress of his bankruptcy proceedings.

13. According to the Pacer website, (https://www.pacer.gov/documents/pacer_policy.pdf) "Accounts that are referred to a private collection agency will be assessed substantial collection fees in addition to the outstanding debt owed to the PACER Service Center"

14. Hence the balance will increase due to collection fees.

15. The said letter was deceptive and misleading as it merely identified the "Current Balance Due," yet failed to disclose that the balance may increase due to interest and fees.

16. The Plaintiff was left uncertain as to whether the "Current Balance Due" was accruing interest as there was no disclosure that indicated otherwise.

17. A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

18. In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Current Balance Due" stated on the notice will not know whether the debt has been paid in full.

19. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

20. The statement of an "Current Balance Due", without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

21. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

22. Collection notices that state only the "Current Balance Due," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

23. The Plaintiff and the least sophisticated consumer would be led to believe that the "Current Balance Due" is static and that his or her payment of the amount due would

satisfy the debt irrespective of when payment was remitted.

24. Yet in reality, interest was accruing daily as represented from an additional letter sent to the Plaintiff on October 3, 2016, regarding the same account, by a different collection agency, (see attached exhibit) which indicated an increased amount; i.e., the Defendant has tried to collect an additional amount from the Plaintiff.

25. A consumer who pays the "Current Balance Due" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

26. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

27. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

28. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. The said letter is a standardized form letter.

30. Upon information and belief, the Defendant's collection letters, such as the said collection letter, number in the hundreds.

31. Defendant's January 27, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

32. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. As an actual and proximate result of the acts and omissions of Transworld Systems, Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

41. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty (40) as if set forth fully in this cause of action.

42. This cause of action is brought on behalf of Plaintiff and the members of a class.

43. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about January 27, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to PACERSERVICE CENTER-U.S. COURTS; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

 A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

 B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

 C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
November 21, 2016

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

PO BOX 7172
DUBLIN, OH 43017
969.5511.GOVA

TRANSWORLD SYSTEMS INC.
507 PRUDENTIAL ROAD
HORSHAM, PA 19044
800-234-3550

Calls to or from this company may be monitored or recorded for quality assurance.

Date: January 27, 2016
Our Account #: ▮50
Creditor: PACER SERVICE CENTER-U.S. COURTS
Creditor's Account #: ▮52
Current Balance Due: $1442.53
This Balance is a Sum of Balances from 1 Account(s).

JOSH KATZ
580 CROWN ST APT 209
BROOKLYN NY  11213-5355

The above has been placed with us for collection by PACER SERVICE CENTER-U.S. COURTS.

Make your check or money order payable to TRANSWORLD SYSTEMS INC. and mail it in the enclosed envelope.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm, Friday 8:00am to 5:00pm, Saturday 8:00am to 12:00pm (ET).

Contact Jamie Allen at TRANSWORLD SYSTEMS INC. This collection agency is licensed by the Department of Consumer Affairs of the City of New York; License # 2012412-DCA.

If you have an income tax refund, perhaps you can use the proceeds to pay this account.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

---

Creditor's Account #: ▮52

Our Account # ▮50
Josh Katz

Current Balance Due
$1442.53

Payment Amount

$ ☐☐☐☐☐.☐☐

Check here if your address has changed and print your new address in the space provided below.

Make Payment To:

TRANSWORLD SYSTEMS INC.
PO BOX 15110
WILMINGTON, DE 198505110

P5511
420

2 of 2



**The CBE Group, Inc.**
Corporate Address: 1309 Technology Pkwy, Cedar Falls, IA 50613
Hours of Operation: 9:00 a.m.- 5:00 p.m. CT Monday-Friday

CALL: (866)895-4766
ORIGINAL CREDITOR: ADMIN OFFICE OF THE US COURTS

| | |
|---|---|
| Debt Identification Number: | ▮7A |
| Principal Balance: | $1,139.60 |
| Interest: | $0.00 |
| Penalty: | $0.00 |
| Fees: | $319.09 |
| Current Debt Balance: | $1,458.69 |

10/03/16

Dear JOSHUA KATZ:

This letter is regarding your account with the above-referenced original creditor, which was referred to The CBE Group, Inc. by the U.S. Department of the Treasury to collect the balance due in full.

Please pay the total amount due of $1,458.69. To pay your account and ensure proper credit, please note your debt identification number, name and address on your check and mail it with the bottom portion of this letter in the enclosed envelope.

As of the date of this letter, you owe $1,458.69. Because of interest and other charges assessed by your creditor that may vary from day to day, the amount due on the day you pay may be greater. Thus, if you pay the total amount due shown above, an adjustment may be necessary after the U.S. Department of the Treasury receives your check, in which event we will inform you.

If you can't pay this account in full contact our office at the number listed below to discuss payment options. If you have any questions, please call our office at (866)895-4766.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**
Please call our office with any change in your name, address or phone number.

PLEASE DETACH AND RETURN WITH ENCLOSED ENVELOPE

29_CDCBEG10_0703

PO BOX 2040
WATERLOO, IA 50704-2040
CHANGE SERVICE REQUESTED

IF PAYING BY CREDIT CARD, FILL OUT BELOW

| CARD NUMBER | EXP DATE | CHECK CARD USING FOR PAYMENT |
|---|---|---|
| SIGNATURE | | |
| ACCOUNT #: ▮7A | DATE: 10/03/16 | |
| PLEASE PAY THIS AMOUNT: $1,458.69 | AMOUNT ENCLOSED: | |

Do not send cash
Note your debt identification number on your check
Make checks payable to US Department of the Treasury
Return this portion with your payment

10/03/16
CALL: (866)895-4766
CS Number: ▮050

JOSHUA KATZ
580 CROWN ST
APT 209
BROOKLYN, NY 11213

DMS CGI
P.O. Box 979110
St. Louis, MO 63197-9000